# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GLEN DANIEL CAPLE,<br><br>    Plaintiff,<br><br>v.<br><br>PA GENERAL ASSEMBLY, et al.,<br><br>    Defendants. | CIVIL ACTION NO. 1:19-CV-01435<br><br>(MEHALCHICK, M.J.) |

## **MEMORANDUM**

This is a *pro se* civil action, initiated upon the filing of the complaint in this matter on August 19, 2019. (Doc. 1). Plaintiff Glen Daniel Caple asserts claims against the Pennsylvania General Assembly, PNC Bank, and KeyBank ("Defendants") for fraud in violation of 18 U.S.C. § 1341 ("Frauds and swindles"). (Doc. 1).

In an April 13, 2020 Memorandum and Order, the Court granted Defendants' motions to dismiss Caple's complaint (Doc. 6; Doc. 9; Doc. 11) without prejudice and directed Caple to file an amended complaint within 30 days of the date of the Court's Order. (Doc. 23; Doc. 24). The time for filing an amended complaint has now passed.

Caple has failed to file an amended complaint in accordance with the April 13, 2020 Order. (Doc. 24). Caple's failure to file an amended complaint in accordance with this Court's Order "makes adjudication of the case impossible." See *Azubuko v. Bell Nat'l Org.*, 243 F. App'x 728, 729 (3d Cir. 2007); *see also Pruden v. SCI Camp Hill*, 252 F. App'x 436, 438 (3d Cir. 2007) (upholding the dismissal of a *pro se* plaintiff's complaint with prejudice for failure to amend his complaint). Further, a balance of the six factors enumerated in *Poulis v. State Farm Fire &*

- 2 -

*Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), compels dismissal of the action. The six factors include:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party . . . was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis*, 747 F.2d at 868 (emphasis omitted); *see* Fed. R. Civ. P. 41(b).

Specifically, the fifth and six *Poulis* factors weigh heavily in favor of dismissal. The effectiveness of alternative sanctions weighs in favor of dismissal, as no viable alternative to dismissal exists given the absence of an operative pleading in this matter. The meritoriousness of Caple's claims weighs in favor of dismissal, as the Court, in granting Defendants' motions to dismiss, determined that Caple's complaint failed to state a claim upon which relief can be granted. (Doc. 23). Based on the foregoing, this action is **DISMISSED WITH PREJUDICE** and the Clerk of the Court is directed to **CLOSE THIS CASE**.

An appropriate order will follow.

**BY THE COURT:**

**Dated: May 18, 2020**

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**